IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MEYN AMERICA, LLC,            )
                              )
            Plaintiff,        )
                              )
      v.                      )       1:11-cv-704
                              )
OMTRON USA LLC,               )
                              )
            Defendant.        )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiff Meyn America, LLC ("Meyn") moves to remand this state-law contract dispute, which Defendant Omtron USA, LLC ("Omtron") removed to this court on the basis of diversity jurisdiction, to the General Court of Justice, Superior Court Division, in Chatham County, North Carolina. (Doc. 30.) Because Omtron's notice of removal presently contains fundamental flaws that, while technical in nature, fail to establish this court's subject matter jurisdiction, the motion to remand will be granted unless Omtron amends its notice of removal within twenty (20) days to cure these defects.

**I. FACTS**

Meyn is a Georgia-based manufacturer and supplier of poultry processing equipment. It filed this action on August 10, 2011, in the General Court of Justice, Superior Court

Division, in Chatham County, North Carolina, alleging that it supplied equipment and parts to Omtron pursuant to purchase orders, but that Omtron failed to pay. (Doc. 3 ¶¶ 9-12.) Meyn seeks recovery for breach of contract, quantum meruit, lien foreclosure, and litigation-expenses under North Carolina and Georgia law and claims over $1.8 million in damages.

Meyn is a limited liability company organized under Georgia law with its principal place of business in Ball Ground, Georgia. (Doc. 1 ¶ 3.) Omtron is a limited liability company organized under the laws of the state of Delaware, and its sole member is a foreign corporation with a principal place of business in Cyprus.[1] (Id. ¶ 5.) Contending that this court could exercise original jurisdiction under 28 U.S.C. § 1331(a)(1) on the basis that the parties are "citizens of different states," Omtron filed a notice to remove the litigation to federal court pursuant to 28 U.S.C. § 1441. (Id. ¶ 6.)

At some point following removal -- apparently in January 2012 -- Meyn and Omtron signed a Settlement Agreement and Mutual Release ("Settlement Agreement") in which Omtron agreed to make a series of installment payments to Meyn and, in exchange, Meyn

---

[1] Cyprus is an island in the north-eastern portion of the Mediterranean Sea, just south of Turkey. Central Intelligence Agency, "Cyprus," The World Factbook, https://www.cia.gov/library/publications/the-world-factbook/geos/cy.html (last visited Apr. 17, 2012).

agreed to dismiss (with prejudice) this case (its state and federal versions) against Omtron. (Doc. 31-1 at 3-4.) The Settlement Agreement also provided that "any litigation that may be necessary to enforce any provision/obligation under this Settlement Agreement shall be brought exclusively in the General Court of Justice of North Carolina, Superior Court Division in Chatham County, North Carolina." (Id. at 8 ¶ 10.)

Thereafter, the parties must have had a falling out, because on February 9, 2012, Meyn filed a "Motion to Remand to State Court." (Doc. 30.) Meyn opposes removal on two grounds. First, it contends that the parties are not diverse because, as limited liability companies, their citizenship is determined not by their principal places of business but by the citizenship of their individual members. In Meyn's view, the fact that Omtron's sole member is a Cyprus-based corporation defeats diversity jurisdiction because Omtron is, in effect, a "stateless" citizen for the purposes of diversity jurisdiction.[2] (Doc. 31 at 2 (citing Scenera Research LLC v. Morris, Nos. 5:09-CV-412-FL, 5:09-CV-439-FL, 2011 WL 666284 (E.D.N.C. Feb. 14, 2011)).) Second, Meyn contends that remand is required because

---

[2] A "stateless" citizen is an American citizen who, by being domiciled abroad, cannot be sued in diversity jurisdiction. See, e.g., Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 184 (3d Cir. 2008) ("An American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such person is 'stateless' for purposes of diversity jurisdiction." (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989))).

3

the parties settled this litigation and their Settlement Agreement explicitly requires that it be enforced in North Carolina's state courts. (Id. at 2-3.)

Omtron does not respond to Meyn's Settlement Agreement argument, but it contends that remand would be improper. According to Omtron, the "stateless" citizen doctrine "is only applicable when the citizenship of a natural person is at issue." (Doc. 33 at 1.) Because its parent is a foreign corporation rather than a natural person, Omtron argues, the "stateless" citizen doctrine does not prevent this court from exercising diversity jurisdiction based on the parties' alleged citizenship in different states. (Id. at 4-5.)

**II. ANALYSIS**

    **A. Subject Matter Jurisdiction**

Federal courts exercise limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Indeed, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." Bowles v. Russell, 551 U.S. 205, 212 (2007). Relevant to this dispute, Congress permits federal courts to adjudicate civil lawsuits involving more than $75,000[3] brought between citizens of

---

[3] The parties do not contest that Meyn's demand for more than $1.8 million in damages meets the $75,000 threshold (Doc. 1 ¶ 9; Doc. 3 ¶¶ 12, 22). See Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006) ("When the complaint includes a number [specifying the demand for damages], it controls unless recovering that amount

4

different states, between U.S. and foreign citizens, or by foreign states against U.S. citizens. 28 U.S.C. § 1332(a).[4] For over two hundred years, federal courts have required "complete diversity" -- that is, no plaintiff may be from the same state as any defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553-54 (2005) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).

Congress also permits cases filed in state courts to be removed to federal courts when the parties are diverse. 28 U.S.C. 1441(a). In order for removal based on diversity to be proper, however, complete diversity must have existed at the

---

would be legally impossible." (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938))).

[4] For actions such as this one commenced before January 6, 2012, see Federal Courts Jurisdiction and Clarification Act of 2011, Pub. L. No. 112-63, § 205, 125 Stat. 758, 764-65, Section 1332(a) provides in full:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>     (1) citizens of different States;
>     (2) citizens of a State and citizens or subjects of a foreign state;
>     (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>     (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a).

5

time of the filing of the state-court complaint and at the time of removal. Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc). Because actions that are removed from state courts to federal courts "raise[] significant federalism concerns," removal jurisdiction is "strictly construed." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Ultimately, the burden of demonstrating subject matter jurisdiction is on the party seeking to litigate in federal court. Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010), cert. denied, 131 S. Ct. 924 (2011). If the basis for federal jurisdiction "is doubtful, a remand [to state court] is necessary." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (alteration in original) (citation and internal quotation marks omitted).

Generally, a party seeking a remand to state court must bring procedural objections within 30 days of removal. 28 U.S.C. § 1447(c). However, challenges to a federal court's subject matter jurisdiction may be raised at any time, and the court has an independent duty to assess whether it may adjudicate a dispute. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997). The key question for subject matter jurisdiction in diversity cases is the citizenship of the litigants. See Axel Johnson, Inc. v. Carroll

6

Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998) (distinguishing "citizenship" and "domicile" from an individual's "residence" when assessing diversity jurisdiction). Although corporations are citizens of the state (or country) in which they are incorporated and have their principal place of business, see 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated association is determined by the citizenship of its individual members, Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). The end result is that "every association of a common-law jurisdiction other than a corporation is to be treated like a partnership." Indiana Gas Co. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir. 1998). Thus, a limited liability company's "citizenship is that of its members." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); see also GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that "an LLC's citizenship is that of its members for diversity jurisdiction purposes").

With these principles in mind, it is readily apparent that Meyn's argument for remand -- that Omtron is a "stateless" citizen -- misses the mark. A party is "stateless" for jurisdictional purposes when he or she is an American citizen

domiciled abroad.[5]  King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007) ("A United States citizen with no domicile in any state of this country is 'stateless' and cannot satisfy the complete diversity requirement when she, or her estate, files an action against a United States citizen."); Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1005 (9th Cir. 2001) (explaining that an American citizen domiciled abroad would be "stateless" for diversity purposes).  In contrast, limited liability companies with foreign members (rather than American members living abroad) are foreign citizens.  See Intec USA, LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir. 2006) (explaining that a limited liability company with members who were citizens of North Carolina and New Zealand was a citizen of North Carolina and New Zealand); Intec USA, LLC v. Advanced Food Sys., B.V., No. 1:08CV379, 2009 WL 801812, at *2 (M.D.N.C. Mar. 25, 2009) (same) (Dixon, Mag. J.).  Thus, because Omtron's sole member is alleged to be a foreign corporation, it cannot be considered "stateless," even if the doctrine could be extended to corporate entities.

It is clear, nevertheless, that Omtron's notice of removal suffers from important defects that render it inadequate for establishing this court's subject matter jurisdiction.  Omtron

---

[5] As Omtron points out, Meyn has not identified any case that applied the "stateless" doctrine to anyone other than an individual.

8

represents that it "was formed under the laws of Delaware and has its principal place of business in Georgetown, Delaware." (Doc. 1 ¶ 5.) Yet this information is irrelevant for diversity purposes, since Omtron is a limited liability company whose citizenship is based on the citizenship of its members. See Hukic v. Aurora Loan Servs., 588 F.3d 420, 427 (7th Cir. 2009) ("The notice of removal therefore gave two pieces of irrelevant information about Aurora (the state of its principal place of business and that it was a Delaware company) while failing to provide the information critical to determining its citizenship: the citizenship of its members.").

Omtron does explain that its sole member "is a foreign corporation with a principal place of business in Cyprus; it is not a resident of North Carolina." (Doc. 1 ¶ 5.) Assuming for the moment that Cyprus is the principal place of business for Omtron's sole member (rather than a principal place of business), this information establishes for diversity purposes that Omtron's sole member, and thus Omtron itself, is a citizen of Cyprus. 28 U.S.C. § 1332(c)(1). Left unclear in the notice of removal, however, is where Omtron's member is incorporated (beyond the fact that it is foreign). See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 102 (4th Cir. 2011) ("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been

9

incorporated <u>and</u> in which it has its principal place of business." (emphasis added)). More specifically, Omtron has not indicated whether the member is "foreign" because it is incorporated in a state other than North Carolina or because it is incorporated in a foreign nation.

More importantly, the notice of removal fails to allege the citizenship of any of Meyn's members. All that Omtron explains for diversity purposes is that Meyn "is a Georgia limited liability company with its principal office in Ball Ground, Georgia." (Doc. 1 ¶ 3.) Of course, since Meyn, as a limited liability company, is a citizen of the states or countries where its various members are citizens, <u>Gen. Tech.</u>, 388 F.3d at 121, the absence of this information renders this allegation insufficient for determining whether there is complete diversity between the Plaintiff and Defendant. Accordingly, the notice of removal, as it now stands, fails to demonstrate that this court has subject matter jurisdiction over the parties' dispute.

Generally, where federal jurisdiction is doubtful, the case should be remanded to the state court. <u>Mulcahey</u>, 29 F.3d at 151. Congress, however, permits "[d]efective allegations of jurisdiction [to] be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "Courts have interpreted 28 U.S.C. § 1653 as permitting parties to amend defective pleading allegations <u>at any time</u>, so long as the original

removal was timely and the proposed amendment corrects a merely technical defect." Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 235 (W.D.N.C. 2008) (citing Gray v. Remley, No. 1:03CV421, 2004 WL 951485, at *5 (M.D.N.C. Apr. 30, 2004)). Merely technical defects include "a removal notice that was timely filed and which asserted diversity jurisdiction, but which inadvertently left out the citizenship of one of the parties." Gray, 2004 WL 951485, at *5 (citing Wright v. Combined Ins. Co. of Am., 959 F. Supp. 356, 359 (N.D. Miss. 1997)). Similarly, alleging the wrong information about a limited liability company (i.e., that it was organized under Virginia law and headquartered in Norfolk) "constitutes a 'defective allegation' that may be properly amended." SunTrust Bank v. Village at Fair Oaks Owner, LLC, 766 F. Supp. 2d 686, 691-92 (E.D. Va. 2011).

Here, Omtron filed a timely notice of removal. See 28 U.S.C. § 1446(b). The notice alleged that the "action is removable . . . because the Court has original jurisdiction by reason of the diversity of citizenship of the parties."[6] (Doc. 1

---

[6] Granted, Omtron relies solely on 28 U.S.C. § 1332(a)(1) as its basis for jurisdiction, arguing that "[t]he two named parties are residents of two different states." (Doc. 1 ¶¶ 6-7.) Since Omtron's sole member is a "foreign corporation with a principal place of business in Cyprus" (id. ¶ 5), however, Omtron is probably more properly classified as a "citizen[] or subject[] of a foreign state" (assuming it demonstrates that it is incorporated in a foreign country), 28 U.S.C. § 1332(a)(2). In that case and assuming that it can be demonstrated that Meyn's members are citizens of an American state,

11

¶ 10.) The notice also alleged that diversity is "complete." (Id. ¶ 7.) In addition, Omtron merely alleged the incorrect information about the parties (i.e., the places where they are organized and operate rather than the citizenship of their members). Such information to establish a basis for federal jurisdiction can therefore be provided by technical amendment.[7] See Lincoln v. Magnum Land Servs., LLC, Civ. A. No. 3:12-cv-576, 2012 WL 1144658, at *3 (M.D. Pa. Apr. 5, 2012) (permitting an amended notice of removal so that defendants would have an "opportunity to demonstrate" that diversity of citizenship existed); SunTrust, 766 F. Supp. 2d at 692 (permitting an amended complaint where the party asserting federal jurisdiction failed to identify the citizenship of the members of an LLC); cf. Nutter v. New Rents, Inc., 945 F.2d 398 (4th Cir. 1991)

---

diversity would be based on section 1332(a)(2) -- a suit between a citizen of a state and a citizen of a foreign state. Given that Omtron explicitly relies on diversity jurisdiction, notes that its sole member is a foreign corporation, and alleges that Meyn is a Georgia limited liability company (Doc. 1 ¶¶ 3, 5), the court considers the citation to section 1332(a)(1) rather than (a)(2) to be a technical mistake. See Camacho v. Varela, No. EP-05-CA-0341-FM, 2005 WL 2931949, at *1 (W.D. Tex. Nov. 4, 2005) ("[T]echnicalities such as citing to the wrong provision of a statute do not change the fact that Defendants asserted and met the underlying requirements of 28 U.S.C. § 1332(a)(2).").

[7] For an amendment to be technical, there should be no factual dispute about the citizenship of a limited liability company's members. See Muhlenbeck v. Ki, LLC, 304 F. Supp. 2d 797, 802 (E.D. Va. 2004). Meyn has not disputed Omtron's representation that Meyn is a Georgia citizen.

(unpublished table decision)[8] ("'[J]urisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the . . . choice of verbiage.'" (second alteration in original) (quoting Goforth v. Allstate Ins. Co., 213 F. Supp. 595 (W.D.N.C. 1963))). Accordingly, Omtron will be afforded twenty (20) days within which to file an amended notice of removal to allege sufficient facts to establish this court's subject matter jurisdiction. Failure to file an amended notice of removal will result in the automatic remand of this case to its original state court forum.

If Omtron chooses to file an amended notice of removal, a word of caution is appropriate. Since the proper method of determining a limited liability company's citizenship is to evaluate the citizenship of its members, Omtron must identify Meyn's specific members and their citizenship. If one or more of Meyn's members is, itself, a limited liability company or a partnership, Omtron must identify the members of those entities as well. See, e.g., Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement [under a Seventh Circuit rule] must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship

---

[8] Fourth Circuit unpublished opinions are cited for their persuasive rather than precedential authority.

of those members as well."). Only then will the court be able to assess its jurisdiction.[9]

### B. Settlement Agreement

Because the court is permitting Omtron to amend its notice of removal and in order to avoid having to revisit any arguments already made should jurisdiction be shown, the court will address Meyn's second argument in favor of remand. Quite apart from its subject matter jurisdiction argument, Meyn contends that this action should be remanded because the parties' Settlement Agreement provides that "'any litigation that may be necessary to enforce any provision/obligation under this Settlement Agreement shall be brought exclusively'" in North Carolina state court. (Doc. 31 at 3 (quoting Doc. 31-1 at 8 ¶ 10).) If Omtron establishes a basis for diversity, this secondary argument fails.

Parties can agree to adjudicate disputes in particular fora. See, e.g., Consulting Eng'rs Corp. v. Geometric Ltd., 561

---

[9] Of course, if any of Meyn's members is a foreign entity such that both parties are foreign, diversity would be destroyed under sections 1332(a)(2) and (a)(3). See, e.g., U.S. Motors v. Gen. Motors Europe, 551 F.3d 420, 424 (6th Cir. 2008) ("We join our sister circuits that have held the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)."); Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 10 F.3d 425, 428 (7th Cir. 1993) ("Many cases . . . state that the presence of foreign parties on both sides of a litigation indeed destroys complete diversity. . . . The[ir] point was not so much that there were foreigners on both sides -- for this is permitted by (a)(3) -- as that there was no citizen on one side, which took it out of (a)(3); and (a)(2), when read in light of (a)(3), does not permit a suit between foreigners and a mixture of citizens and foreigners." (citations omitted)).

14

F.3d 273, 281 n.11 (4th Cir. 2009). When parties bring a dispute outside of the agreed-upon forum, the proper resolution is for the federal court to dismiss the action or remand the case. See FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 756 (4th Cir. 2010) (affirming the district court's remand of an action based on a forum selection clause that required any dispute involving a contract to be litigated in the state courts of Virginia).

The Settlement Agreement provides that North Carolina law applies to its interpretation and enforcement, and Omtron has not disputed this. (Doc. 31-1 at 8 ¶ 10.) General principles of contract law apply to settlement agreements. Chappell v. Roth, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001). Unambiguous contracts are to be interpreted as written, Parks v. Venters Oil Co., 255 N.C. 498, 501, 121 S.E.2d 850, 853 (1961), and each provision is to be given effect where possible, Bolton Corp. v. T.A. Loving Co., 317 N.C. 623, 628, 347 S.E.2d 369, 372 (1986).

Here, even a broad reading of the Settlement Agreement does not entitle Meyn to remand. No provision of the Settlement Agreement requires that any pending litigation between Omtron and Meyn be litigated in state court. (See Doc. 31-1.) The action currently before this court is Meyn's damages claim related to Omtron's alleged lack of payment for certain poultry

15

processing equipment that Meyn provided pursuant to purchase orders. (Doc. 3.) The Settlement Agreement's express language, in contrast, requires only that a separate lawsuit <u>to enforce the Settlement Agreement</u> be filed in state court. (Doc. 31-1 at 8 ¶ 10.)

Meyn's reliance on <u>Brigadoon Assocs. Ltd. P'ship v. Fed. Nat'l Mortg. Ass'n (FNMA)</u>, Civ. A. No. H-10-4687, 2011 WL 3106938 (S.D. Tex. July 25, 2011), is of no avail. In <u>Brigadoon</u>, an earlier lawsuit between two parties resulted in a settlement agreement that required that any litigation to enforce the settlement agreement be brought in the Texas state courts. <u>Id.</u> at *4. When a dispute arose over the parties' obligations under the settlement agreement, Brigadoon brought a lawsuit to enforce it in Texas state court, and the defendants removed the action to federal court. <u>Id.</u> at *2. The district judge ordered remand, concluding that the action to enforce the settlement agreement had to be brought in state court, as required by the forum selection clause. <u>Id.</u> at *4-5.

Here, in contrast, Meyn's breach of contract claim is still pending before this court, and no party has brought a separate claim seeking to enforce the Settlement Agreement. In addition, the Settlement Agreement has no provision requiring that this action be remanded to state court. As such, the Settlement

16

Agreement does not require remand, and Meyn's secondary argument in favor of remand based on its settlement with Omtron fails.

**III. CONCLUSION**

For the reasons stated above, therefore,

IT IS ORDERED that Meyn America, LLC's motion to remand this action to state court (Doc. 30) will be GRANTED unless, consistent with and within twenty (20) days of this Memorandum Opinion and Order, Omtron files an amended notice of removal demonstrating this court's subject matter jurisdiction.

/s/   Thomas D. Schroeder
United States District Judge

April 19, 2012